FILED'08 AUG 25 14:22USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CORNUS CORPORATION,                                    Civil No. 08-3030-CL

        Plaintiff,                                    REPORT AND RECOMMENDATION

        v.

GEAC ENTERPRISE SOLUTIONS, INC.;
AMSI, a GEAC COMPUTER INC.
COMPANY; and INFOR GLOBAL
SOLUTIONS (MICHIGAN) INC.,

        Defendants.

CLARKE, Magistrate Judge:

        This action was removed to federal court by defendants on the ground of diversity of citizenship, 42 U.S.C. § 1441. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Before the court is plaintiff's motion to remand to state court (#19), which defendants oppose. For the reasons explained below, the court recommends that plaintiff's motion be granted.

## DISCUSSION

### Procedural History of 2004 Case

        Plaintiff Cornus Corporation in 2004 filed a case in state court against defendant GEAC Enterprise Solutions, Inc. (hereinafter "GEAC") and defendant AMSI (hereinafter

"2004 case"). The 2004 case arose out of a series of agreements between the parties from 2000 to 2003, one of which contained the following forum selection provision: "This Agreement and any matters relating thereto shall be governed, construed and interpreted in accordance with the laws of Oregon. The parties submit to the exclusive jurisdiction of the Courts of the State of Oregon." (Notice of Removal Ex. 2 at 15.)

Defendants removed the 2004 case to the United States District Court for the District of Oregon at Medford on the basis of diversity jurisdiction (case number CV-04-3054-CO). Plaintiff did not move to remand the 2004 case to state court based on the above forum selection provision. The parties conducted discovery. Plaintiff failed to file a Pretrial Order on October 24, 2005, as ordered by the court and, after plaintiff failed to respond to an Order to Show Cause, Magistrate Judge Cooney on November 29, 2005, issued Findings and Recommendation that the 2004 case be dismissed for plaintiff's failure to prosecute the case and failure to comply with court orders. Judge Aiken adopted these Findings on December 15, 2005, and Judgment dismissing the case was entered on December 16, 2005.

Plaintiff filed a Motion for Relief from Judgment almost one year later on December 15, 2006. The motion was denied. Plaintiff filed another Motion for Relief from Judgment on July 31, 2007, which was also denied by the court on October 2, 2007.

**Procedural History of 2008 Case**

Plaintiff Cornus filed the present case in Jackson County Circuit Court on December 31, 2007, against defendants GEAC and AMSI and against defendant Infor Global Solutions (Michigan), Inc., which is an alleged successor in interest to defendant GEAC. The factual

2 - REPORT AND RECOMMENDATION

claims are essentially the same as alleged in the 2004 case. Plaintiff seeks additional damages in the 2008 case. Defendants removed the case to federal court on March 18, 2008, based on diversity jurisdiction. Defendants then filed an Answer and a Motion for Summary Judgment seeking judgment based on res judicata grounds.[1] Plaintiff timely moved to remand to state court based on the forum selection provision cited above. (See Notice of Removal Ex. 1 at 21.)

## Plaintiff's Motion to Remand to State Court

Plaintiff, pursuant to 28 U.S.C. § 1447(c) moves to remand to Jackson County Circuit Court on the basis that the parties agreed by contract that "'[t]he parties submit to the exclusive jurisdiction of the Courts of the State of Oregon.'" (Pl. Mot. at 1.)

Defendants initially argue that plaintiff's Motion to Remand should be denied for failure to confer as required by Local Rule 7.1(a)(1). The court finds that plaintiff met its obligation to confer based on the Declaration of Charles Bolen attached to plaintiff's Reply Memorandum.

The removal statute is strictly construed against removal jurisdiction. If there is any doubt as to the right of removal, federal jurisdiction must be rejected. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Because of this strong presumption against removal jurisdiction, defendant has the burden of establishing that removal was proper. Gaus, 980 F.2d at 566; Duncan, 76 F.3d at

---

[1] The court has stayed defendants' Motion for Summary Judgment pending a ruling on the Motion to Remand (#16).

1485.

This court views the issue of the enforceability of the forum selection clause as one of venue rather than subject matter jurisdiction. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996); Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty, 408 F.3d 1250, 1254 (9th Cir. 2005) ("A motion to enforce a forum-selection clause is treated as a motion pursuant to Federal Rule of Civil Procedure 12(b)(3) [improper venue]."); Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 512-13 (9th Cir. 1988) (forum selection is venue matter); see Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137-40 & n. 1 (9th Cir. 2004) (distinguishing Second Circuit cases which address motions to dismiss based upon forum selection clauses under Rule 12(b)(1) (lack of subject matter jurisdiction)). In Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 278 (9th Cir. 1984), the Ninth Circuit considered first the issue of whether the district court had subject matter jurisdiction based upon diversity before considering the contract issue of whether the forum selection clause at issue there was enforceable, stating that, "the two decisions are separate." The Pelleport court went on to state: "In The Bremen, the Supreme Court specifically held that a forum selection clause does not oust the district court of jurisdiction." Id. at 280 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972) ("The argument that such [forum selection] clauses are improper because they tend to 'oust' a court of jurisdiction is hardly more than a vestigial legal fiction.") This court has subject matter jurisdiction based upon diversity to decide whether the forum selection clause at issue here is enforceable. Thus, defendants' argument that plaintiff's opportunity to challenge this court's subject matter jurisdiction has passed because this court's judgment in

4 - REPORT AND RECOMMENDATION

the 2004 case precludes such a challenge, will not be addressed.

Federal law governs the enforceability of a forum selection clause in diversity cases. Manetti-Farrow, 858 F.2d at 513. The enforceability of the forum selection clause at issue is controlled by the Supreme Court's decision in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). Murphy, 362 F.3d at 1140; see Argueta, 87 F.3d at 324-25. Forum selection clauses are presumptively valid and a clause will be enforced "'absent some compelling and countervailing reason.'" Murphy, 362 F.3d at 1140 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). This presumption imposes a heavy burden on the party opposing its enforcement. Murphy, 362 F.3d at 1140; Argueta, 87 F.3d at 325. The Bremen Court recognized three reasons that enforcement of a forum selection clause would be unreasonable:

> first, if the inclusion of the clause in the agreement was the product of fraud or overreaching; second, if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and third, "'if enforcement would contravene a strong public policy of the forum in which suit is brought.'"

Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998) (citing and quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13, 15, 18 (1972).

Defendants do not raise any of the factors set forth in Bremen to attempt to defeat the forum selection clause. A forum selection clause will be enforced where the place of suit is specified with mandatory language. Docksider, Ltd. v. Sea Tech., Ltd., 875 F. 2d 762, 764 (9th Cir. 1989). A forum selection clause which clearly designates the chosen forum as the exclusive forum is a mandatory clause which will be enforced. N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995). Permissive

or non-exclusive forum selection clauses will not be enforced. Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987). The forum selection provision at issue in this case clearly is mandatory: "The parties submit to the **exclusive** jurisdiction of the Courts of the State of Oregon." (Notice of Removal Ex. 1 at 21 (emphasis added).)

Defendants however argue that plaintiffs' Motion to Remand should be denied for the following reasons. First, defendants contend that by not moving to remand in the 2004 case plaintiff has waived its right to do so in the present case. Second, defendants contend that the 2005 judgment of dismissal in the 2004 case is considered "on the merits" under federal law and the prior case involved essentially the same parties and claims and, therefore, plaintiff is barred by res judicata from now relitigating the case. Finally, defendants argue that plaintiff is forum shopping in an improper effort to avoid the 2005 federal court judgment. Defendants therefore ask the court to deny the motion to remand on general equitable grounds.

As to the first argument, the court has found no case which would support a determination by this court that by not moving to remand and not litigating the forum selection clause in the 2004 case, plaintiff has waived its right to do so in a new 2008 case filed in state court even where the parties and claims are essentially the same.

Defendants' second argument seems to the court to be one of issue preclusion. Issue preclusion will prevent relitigation of an issue decided in a previous action if the following elements are met:

> "(1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom

6 - REPORT AND RECOMMENDATION

collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action."

Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1050-51 (9th Cir. 2008) (quoting *In re* Palmer, 207 F.3d 566, 568 (9th Cir. 2000)); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (citing Charles A. Wright, Law of Federal Courts 682-85 (4th ed. 1983); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 329 (1979)).[2] Here, the parties and claims are essentially the same. However, the question of whether the forum selection clause is enforceable was not actually litigated in the 2004 case. The court therefore does not find that issue preclusion applies to bar this case. See *In re* Palmer, 207 F.3d at 568-69 (because issue of fraud not "'actually litigated'" in Tax Court, Tax Court judgment did not have preclusive effect on dischargeability determination in Bankruptcy Court).

As to defendants' last argument relating to forum shopping, even if the court agrees with defendants' characterization of plaintiff's strategy, it is not aware of an equitable principle which would allow the denial of an otherwise proper motion to remand.

Defendants certainly have a defense of claim preclusion based on the 2005 Judgment dismissing the 2004 case. However, that issue is a part of defendants' Motion for Summary Judgment and will need to be heard by the state court.

The court recommends that plaintiffs' Motion to Remand this case to the Jackson County Circuit Court be granted.

//

---

[2] The preclusive effect of a federal court judgment is a matter of federal law. W. Sys., Inc. v. Ulloa, 958 F.2d 864, 871 n.11 (9th Cir. 1992) (citing Robi v. Five Platters, 838 F.2d 318, 322 (9th Cir. 1988)).

7 - REPORT AND RECOMMENDATION

## RECOMMENDATION

Based on the foregoing, the court recommends that plaintiff's motion to remand to state court (#19) be granted.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals*. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on September 10, 2008. If objections are filed, any responses to the objections are due 14 days after the objections are filed*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 25 day of August, 2008.

UNITED STATES MAGISTRATE JUDGE